F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH JEROME DENNIS,

Petitioner - Appellant,

v.

MIKE MULLIN, * Warden, Oklahoma
State Penitentiary,

Respondent - Appellee.

No. 00-6375
(D.C. No. 00-CV-658-C)
(W.D. Oklahoma)

**ORDER AND JUDGMENT** **

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

After examining petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

* Mike Mullin replaced Gary Gibson as Warden of the Oklahoma State
Penitentiary effective March 25, 2002.

** This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Joseph Jerome Dennis's *pro se* request for a certificate of appealability (COA). Dennis seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Dennis has not "made a substantial showing of the denial of a constitutional right," this court denies his request for a COA and dismisses this appeal. *Id.* § 2253(c)(2).

## I.

After a jury trial, Dennis was convicted of first degree murder and sentenced to life imprisonment without parole for shooting an auto mechanic in Chickasha, Oklahoma. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Dennis asserted two errors. First, Dennis claimed that he had invoked his right to an attorney at his girlfriend's house, while in the custody of police officers, and therefore his subsequent statements to the police should have been suppressed. Second, he claimed the trial court erred in failing to grant the motion to suppress his statements given at the police station because he should have been informed his attorney was present and available to consult him. The OCCA rejected both claims and affirmed his conviction. *Dennis v. State,* 990 P.2d 277 (Okla. Crim. App. 1999).

In his application for state post-conviction relief, Dennis raised the following seven grounds for reversing his conviction:

(1) his trial counsel was ineffective;

(2) his appellate counsel was ineffective;

(3) the trial court failed to question the jury about possible racial bias;

(4) the conviction was based on insufficient evidence;

(5) the trial court erred in admitting his involuntary confession;

(6) the trial court erroneously denied the submission of certain jury instructions; and

(7) the prosecutor's closing argument was prejudicial.

The state district court denied the application, concluding that each of these issues either had been, or should have been, raised on direct appeal. The OCCA affirmed, concluding that (1) ground number five was specifically addressed on direct appeal and therefore *res judicata;* (2) grounds number one, three, four, six, and seven were waived when they were not raised on direct appeal; and (3) ground number two was substantively meritless.

In his federal habeas petition, Dennis made three arguments all related to his desire to have the court suppress statements he made to the police. Dennis's first two arguments were identical to the two claims of error he asserted on direct appeal; therefore, the magistrate judge addressed those issues on the merits and found that Dennis was not entitled to habeas relief on either basis.

In his third argument, Dennis claimed to have invoked his right to counsel while at the police station and not to have reinitiated contact with the police. The magistrate judge found this claim to be unexhausted because it was not raised either on direct appeal or in Dennis's application for state post-conviction review. The magistrate judge recommended, however, that because this unexhausted claim would be procedurally barred from post-conviction review under Oklahoma law, it be deemed exhausted and thus procedurally barred for purposes of federal habeas review pursuant to *Coleman v. Thompson,* 501 U.S. 722, 735 n.* (1991). Furthermore, the magistrate judge found that Dennis had shown neither cause for the default or prejudice in his case, nor a fundamental miscarriage of justice. After consideration of Dennis's objections to the magistrate judge's recommendations, the district court adopted them in their entirety.

## II.

As noted above, Dennis must obtain a COA before he can appeal the district court's denial of his § 2254 habeas petition. Dennis must make a "substantial showing of the denial of a constitutional right" before he is entitled to a COA. 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). This court has conducted a

-4-

comprehensive de novo review of Dennis's request for a COA and accompanying brief, the magistrate judge's report and recommendation, and the entire record on appeal. After that review, we conclude that the district court correctly resolved Dennis's claims and that it is unnecessary for this court to expound on that court's analysis. Accordingly, this court DENIES Dennis's request for a COA for substantially those reasons set forth in the magistrate judge's report and recommendation dated September 15, 2000, and DISMISSES this appeal. Dennis's request to proceed in forma pauperis is GRANTED.

Entered for the Court

Michael R. Murphy
Circuit Judge